### William L. P. Little vs. Francis A. Lesia.

Where one executes a deed of lands, in which he has an interest, to "A., administrator of the estate of B., deceased," and to his successors and assigns forever, and no express trust appears in the deed, and the estate is coupled with no conditions, the legal interest covered by the deed passes to A., who can convey the same without any license of the Probate Court for that purpose.

*Heard May 18th. Decided May 25th.*

Ejectment. Case reserved from Saginaw Circuit.

The questions involved are fully stated in the opinion of the Court.

*W. L. Webber*, for plaintiff:

A recital in a deed is introduced only to save trouble in future investigation of title. — *Dart on Ven. & Pur.* 253, *Note* 1.

The deed from Mackie and Jennison to Miller, vested the legal title in the *person*, and not in the *office*. And the words " administrator," &c., are mere words of description.

The administrator, *as such*, has no authority to purchase and hold real estate; and should he invest the funds of the estate in land, the land would be his, and the *cestui que trust* would hold him to account for the money. — *R. S. of* 1846, *Chap.* 63, §§ 5 *and* 9; *Comp. L.* §§ 2635, 2639.

At common law, he would, in such a case, hold the fee of the land as trustee for the estate. — 2 *Williams on Executors*, 1566; 1 *M. & R.* 226; 2 *S. & R.* 521.

If the words " administrator," &c., have any effect, except as words of description, they show that Miller held as trustee for the estate; yet he takes the legal title. — 1 *Pars. on Cont.* 102.

The grant is to Miller, his successors and *assigns*, so that the deed, in terms, confers the power on Miller to convey.

The legal title being in Miller, his deed to the plaintiff conveys the same; and this, whether Miller held in his own

right, or as trustee.—*Adams on Ejectment, p.* 43, *and Note* 1, *and cases there cited.* And in ejectment, the legal title only is looked at.—*Ibid. idem.*

If a trustee convey away the trust estate to another, though it be to his co-trustee, *without authority* or the *sanction of the Court,* the legal title will pass.—*Hill on Trustees,* 175; 9 *Metc.* 28. And the grantee of the trustee may bring ejectment, though the transfer to him were in breach of trust.—7 *Ired.* 155; 6 *Munf.* 358; 5 *Gilm.* 241; *Hill on Trustees,* 274, 278, 282. At law, the trustee, in whom is the "mere dry legal estate," is regarded as the real owner.— *Hill on Trustees,* 316.

And in case of a conveyance by the trustee, none but the *cestui que trust* can question the transaction. The Court will not permit strangers to raise the objection, or invalidate the title, if the *cestui* acquiesces in it.—1 *Story's Eq. Juris.* § 322; 2 *Ibid.* §§ 1263, 1264; 14 *Johns.* 407; 5 *Johns.* 43; 2 *Cow.* 195; 2 *Greenl. Cruise, Tit.* 12, "*Trustees,*" *Chap.* 1, § 88; 5 *Pick.* 519; 7 *Pick.* 1; 10 *Pick.* 77; 8 *Wend.* 426.

The statute, relative to licensing administrators to sell, has no application to a case like this. The only object of a license from a Probate Court is to enable one, not having the legal title to the land to be sold, to sell the same, and, if approved by the Court, to convey. And it is conceived that the only object of a license in the case mentioned in section 14 of chapter 71 of Revised Statutes of 1846 (*Sec.* 2911 *of Comp. Laws*), is for the protection of the administrator, who otherwise would in equity be compelled to account, or the purchaser to re-convey if he had not purchased *bona fide*, without notice, and for a valuable consideration.

To authorize a license from the Probate Court, it must be shown to be necessary to pay debts of the intestate and charges of administration; and, in any other case (except to convey lands contracted to be sold by the intestate—*R. S. Chap.* 76; *Comp. L. Chap.* 100), such license would be void. —*R. S. of* 1846, *Chap.* 77, §§ 1 *and* 2; *Comp. L.* §§ 3039, 3040; 5 *Pick.* 140; 5 *Mass.* 240; 4 *Mass.* 354.

And this license can only be for the sale of land of which the intestate died seized, or where the lands were purchased by the administrator, on execution for a debt, or forclosure of a mortgage of which the intestate died owner.

*Moore & Gaylord,* for defendant.

CAMPBELL J.:

In May, 1850, John F. Mackie and William Jennison, surviving trustees of the Saginaw City property, conveyed the premises in controversy in this suit, as parties of the first part, to "Hiram L. Miller, of Saginaw, administrator of the estate of Charles Little, deceased," and to his successors and assigns forever. In November, 1856, a deed was made of the same premises, by "Hiram L. Miller, administrator of the estate of Charles Little, deceased, of Saginaw City," to William L. P. Little, the plaintiff, who brought ejectment against the defendant; and, on the trial, having shown title in Mackie and Jennison, as trustees, proved the deed from them to Miller, and then offered the deed from Miller to the plaintiff. This was objected to, and rejected, on the ground that Miller could make no such conveyance without license of the Probate Court.

On motion for a new trial, the Circuit Court reserved for the opinion of this Court two questions, viz.: *First,* Whether such deed was admissible in evidence at all; and, *Second,* Whether it was operative to convey the title derived from Mackie and Jennison.

The second question is the only one of any importance; and we proceed to its consideration.

It was objected to the validity of this deed from Miller, that the Mackie and Jennison deed, in fact, conveyed the title to the estate of Charles Little, or so that it became legal assets of that estate, subject to the disposition of the probate laws; and reference was had to the provisions of the Revised Statutes which prescribe how and when an administrator may

sell lands. The laws on this subject may be found in chapters 95, 100, and 101 of the Compiled Laws, which correspond with chapters 71, 76, and 77 of the Revised Statutes. Under chapter 100, an administrator may be compelled to perform specifically certain contracts for the conveyance of land entered into by his intestate. Under chapter 101, he may be licensed to sell lands of which the deceased died seized, to pay debts or legacies in certain cases specified; these two chapters relate exclusively to lands of the deceased. By chapter 95 (chapter 71 of the Revised Statutes), sections 13 to 18, provision is made, that land bought in by the executor or administrator on mortgage and execution sales, may be sold upon license as if it had formed part of the estate, and, if unsold, may be divided among the distributees; but if so divided, it is treated in the division as personalty. The executor or administrator is also empowered, in case of deficiency of assets, to institute proceedings to avoid any conveyance made by the decedent, which was fraudulent against creditors; and, if successful, the lands obtained may be sold under license like other lands of the deceased.

It will be perceived that none of these provisions apply to lands conveyed to an administrator at any but a mortgage or execution sale, except in case of setting aside a fraudulent deed. In every instance, the estate must come into his hands by virtue of some legal proceeding expressly designated. And if an administrator can not sell lands, held as these were, without license, he can not sell them at all; for the law makes no provision for any such license. And if, as is claimed, the property is assets in his hands for legal distribution under a probate settlement, the same difficulty arises; for the law does not point out how it shall be distributed, or whether it shall be treated as realty or personalty. There is no statute on the subject; and we are therefore thrown back upon the principles of the common law.

Under these well settled principles, there is no difficulty in arriving at a conclusion. The legal interest covered by

the deed, vested in Hiram L. Miller, as the only grantee named in the instrument capable of taking. Holding the legal title to that interest, he can convey it, unless restrained by statute. Whatever equities exist in the persons interested in the estate, the legal holder, or trustee, is the only one who can pass the title. No express trust appears, and the grant of the estate is coupled with no restrictions. The statute provides that a naked trustee for the use of another takes no estate at all, but the title vests in the beneficiary. — *Comp. L. Chap.* 86. But here, the deed is entirely different.' It resembles that construed by this Court in *Rood vs. Winslow*, 2 *Doug. Mich.* 68; and any trust existing under it is an implied equity, and not a legal interest.

We are of opinion, therefore, that no license was required to enable Mr. Miller to transfer the premises.

Let it be certified to the Circuit Court for the county of Saginaw, as the opinion of this Court, that the deed from Hiram L. Miller to the plaintiff was sufficient in law to convey the title derived through the deed from Mackie and Jennison, set forth in the case reserved, and that no license was required to enable him to convey the same.

All the Justices concurred.